100 So.2d 329

**Charlie THOMAS**

v.

**STATE of Alabama.**

6 Div. 149.

Supreme Court of Alabama.

Jan. 23, 1958.

Ben F. Ray, Birmingham, for appellant.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

LAWSON, Justice.

The indictment against the appellant charged that "before the finding of this indictment, and subsequent to June 6, 1935, Charlie Thomas, alias 'Fox' Thomas, in the nighttime, with intent to rape, did break into and enter the inhabited dwelling house of Leola Benford, which was occupied by Leola Benford, a person lodged therein, against the peace and dignity of the State of Alabama."

The indictment charges burglary in the first degree. § 85, Title 14, Code 1940. See Form 29, § 259, Title 15, Code 1940. The jury found the appellant guilty of burglary in the first degree as charged and fixed his punishment at fifty years imprisonment in the penitentiary. Judgment was entered accordingly. Hence this appeal.

The evidence presented by the State tended to show that shortly before 7:00 p. m. on the night of October 10, 1956, Leola Benford and her husband left their home together, after turning on a porch light and locking the doors. The windows were left partially open for ventilation but all screens were latched. The lights inside the house were in working order. Leola Benford, a negress, drove her husband to work. She then went to a club meeting. She returned to her home at approximately 9:30 p. m. The porch light was still on and she used a key to unlock the door of the house. When she entered the house she attempted to turn on the lights. Neither the ceiling light, which was controlled by a wall switch, nor two table lamps would work. She finally succeeded in turning on a small television lamp. She then started in the direction of her bedroom. Someone threw a coat over her head and dragged her into a closet. She was threatened with a knife and a pistol. She was then forced to undress and was raped by the intruder.

The evidence for the State was that a negro man broke into and entered the Benford home after Benford and his wife Leola left shortly before 7:00 p. m. and prior to Leola's return at approximately 9:30 p. m.; and that the appellant was the person who broke into and entered the Benford home and that he broke into the house with intent to rape and did rape Leola Benford.

The indictment averred that appellant broke into and entered the "inhabited dwelling house of Leola Benford, which was occupied by Leola Benford, a person lodged therein," while the evidence shows beyond peradventure that Leola Benford was not in her dwelling house at the time the assailant broke into and entered.

In Reeves v. State, 245 Ala. 237, 16 So.2d 699, Justice Bouldin writing for the court, after reviewing the legislative history of our statutes pertaining to burglary in the first degree and burglary in the second decree, pointed out that an inhabited dwelling house within the meaning of the burglary statute (§§ 85, 86, Title 14, Code 1940) is a dwelling house occupied by some person at the time of the burglary. See Evans v. State, 34 Ala.App. 534, 41 So.2d 615; Moore v. State, 35 Ala.App. 95, 44 So.2d 262.

Since there was no evidence that the Benford dwelling was occupied at the time of the breaking into and entering, as alleged in the indictment, the appellant was entitled to an affirmative instruction as to the charge of burglary in the first degree, since it affirmatively appears that the breaking into and entering was in the nighttime. However, *no such instruction was requested.* The affirmative instructions which the appellant requested were to the effect that he was entitled to an acquittal and such instructions were refused without error, inasmuch as the evidence was sufficient to justify a verdict of guilty of burglary in the second degree, an offense included in the indictment. § 323, Title 15, Code 1940.

However, we are of the opinion that the trial court erred in not granting the new trial, which appellant sought on the grounds to the effect that the verdict was contrary to the evidence.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

SIMPSON, GOODWYN and MERRILL, JJ., concur.